IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




No. WR-80,816-01






EX PARTE JOSE LARA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2008-1198-C WHC 1


IN THE 211TH DISTRICT COURT FROM DENTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted by a jury of
possession with intent to deliver cocaine and was sentenced to fifty-five years' incarceration. The
conviction and sentence were affirmed on direct appeal. Lara v. State, No. 02-09-00199-CR (Tex.
App.--Fort Worth Jul. 15, 2010).

 Applicant complains, inter alia, that his trial counsel failed to inform him of a 25-year plea
offer that he states he would have accepted. See Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399
(2012); Ex parte Argent, 393 S.W.3d 781 (Tex. Crim. App. 2013). There is no response in the record
from Applicant's trial counsel regarding the alleged plea offer or findings from the trial court.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order Applicant's trial counsel to respond
to the claim that he failed to convey a plea offer to Applicant. To obtain the response, the trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. A review of Applicant's remaining claims shows that
they lack merit.

 The trial court shall make findings of fact and conclusions of law regarding whether the plea
offer was made, whether it was conveyed to Applicant, whether Applicant would have accepted the
plea offer if properly and timely conveyed to him, and whether the plea offer would have been
followed by the trial court had Applicant accepted it and entered a guilty or no contest plea. See
Missouri v. Frye, supra; Ex parte Argent, supra. The trial court may also make any other findings
of fact and conclusions of law it deems relevant and appropriate.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: March 12, 2014

Do not publish